## CLARK v. LAWRENCE COUNTY et al.

Under Rev. Pol. Code, § 2110, providing, in relation to the functions of the state board of equalization, that, in all cases of addition to or deduction from the assessed valuation, the rate per cent. of addition or deduction shall be even, and not fractional, an increase of 12 1-2 per cent. was authorized, as the legislative intent must have been to facilitate the labor of computing the decrease or increase.

The fact that county taxing officers failed to place large amounts of taxable property on the tax list was no ground for an action to restrain the collection of the taxes.

(Opinion filed, April 2, 1907.)

Appeal from Circuit Court, Lawrence County. Hon. LEVI McGEE, Judge.

Action by Horace S. Clark against Lawrence county and others, as officers thereof, to restrain the collection of taxes on town and city lots in excess of the values fixed thereon by the board of equalization in 1905. From an order overruling a demurrer to the complaint, defendnts appeal. Reversed.

*Philo Hall, Atty. Gen.,* and *William H. Parker, State's Atty.,* for appellants. *Samuel C. Polley,* for respondent.

HANEY, J. The object of this action is to restrain the collection of taxes on town and city lots in Lawrence county in excess of the values fixed thereon by the county board of equalization in 1905. It is contended that the relief sought should be granted (1) because the values of such lots as assessed and equalized by the county assessors and county board of equalization were unlawfully increased 12½ per cent. by the state board of equalization, and (2) because the county taxing officers failed to place large amounts of taxable property on the tax lists, thereby indirectly increasing plaintiff's burden of taxation. The appeal is from an order overruling defendants' demurrer to the complaint.

The law in force in 1905 required the state board to examine and compare the returns of the assessment of the property of the

several counties of the state, and to equalize the same so that the taxable property of the several counties should be assessed at its proportionate value. Rev. Pol. Code, § 2110; Laws 1903, p. 68, c. 65; Laws 1905. p. 3, c. 3. It authorized and required such board to equalize the assessment of town and city lots by adding to the aggregate assessed value thereof, in every county in which said board believed the valuation to be too low, such rate per centum as would raise the same to its proper proportionate value, and by deducting from the aggregate assessed value thereof, in every county, in which said board believed the value to be too high, such per centum as would reduce the same to its proper proportionate value. It expressly authorized the board, in making such equalization, to add to or deduct from the aggregate assessed valuation of lands, town or city lots, or in any other class of property throughout the state, such per centum as the board deemed to be equitable and just, but provided that: "In all cases of addition to or deduction from the assessed valuation of any class of property in the several counties or throughout the state, the rate per cent. of addition or deduction shall be even and not fractional." Rev. Pol. Code, § 2111. While it might be difficult to give an accurate, academic definition of the phrase "even and not fractional" per centum, there can be no doubt as to the legislative intent in regulating the rates of increase or deduction authorized by the statute. The only conceivable purpose of such a provision would be to facilitate the labor of computing the increase or decrease in the assessed value of each piece of property affected by the order of the state board. The amount of such increase or decrease may be ascertained either by multiplying the original assessed value by the per centum of increase or reduction expressed decimally, or by dividing such value by the quotient of 100, divided by the rate per centum. Thus, 33 1-3 per cent. of any amount is one-third of that amount, 20 per cent. is one-fifth, and 12½ per cent. is one-eighth. It is therefore more convenient to extend an increase of 12½ per cent. than one of 12 per cent. or 13 per cent., because the value of any piece of property can be divided by 8 more conveniently than it can be multiplied by 12 or 13. So, we say, that the action of the state board in this instance was within the spirit, if not the letter,

of the law; that the very purpose of the statute was attained; and that the increase ordered was authorized and valid.

The contention that the taxes on town and city lots, so far as they were affected by the action of the state board, are illegal, and that their collection should be restrained because the county taxing officers failed to place large amounts of taxable property on the tax list, is clearly untenable. Conceding, as alleged in the complaint, that such officers failed to list large amounts of personal property, we are unable to discover how such failure could in any manner affect the action of the state board in equalizing the assessment of an entirely separate and distinct class of property. It must be presumed that the state board increased the assessed value of town and city lots in Lawrence county because the board believed such assessed value was too low in proportion to the assessed value of the same class of property in other counties, not because the aggregate assessed value of all property in that county was too low. The alleged failure of the assessors invalidated the entire assessment, or none of it. "A mistake, without intentional wrong or fraud, whereby personal property which should have been taxed is omitted from the taxation list, will not invalidate the list." Henderson v. Hughes County, 13 S. D. 576, 83 N. W. 682. Neither intentional wrong nor fraud on the part of the assessors is alleged in this case. To hold that the omission of taxable property from the tax list invalidates the list would be to hold that there has not been a valid assessment in any county of this state since it was admitted to the Union. Taxpayers who believe that their burdens of taxation are indirectly increased by the omission of taxable property from the tax list, should see that assessors and county boards of equalization properly perform their duties. This may be accomplished by the selection of efficient and faithful local officers, or by invoking the timely assistance of the courts.

The order appealed from is reversed.