## CLARK v. LAWRENCE COUNTY et al.

A complaint attempting to join an action for mandamus with an application for injunction was demurrable for misjoinder of causes of action.

In an action against a county and its officers to compel defendants to put alleged omitted property on the tax list, a complaint which failed to state the name of any person, firm, or corporation whose property was omitted, or to point out any particular property that was omitted. was insufficient.

(Opinion filed, April 6, 1909.)

On rehearing. Former opinion (21 S. D. 254, 111 N. W. 558) affirmed, and order appealed from reversed. Hon. LEVI McGEE, Judge.

*S. W. Clark* and *R. P. Stewart,* for appellant. *Samuel C. Polley,* for respondent.

WHITING, J. This cause is before us upon rehearing granted; the former opinion of the court being found in 21 S. D. 254, 111 N. W. 558, to which reference is made. Two distinct matters seem to be contained in the complaint: First, facts upon which the court is asked to enjoin the collection of a portion of plaintiff's taxes; second, facts upon which relief in the nature of mandamus is prayed for, to compel defendants, as officers of Lawrence county, to put property upon the tax lists of said county.

The first relief prayed for seems to us to have been very fully

considered upon the former hearing in this court, and we do not care to add anything to what was said by the learned justice writing such opinion.

As regards the second relief prayed for, we would say that it is quite apparent that the complaint was open to demurrer on the ground of misjoinder of causes of action, being an attempt to join action for mandamus relief with injunction; but, inasmuch as this ground is not relied upon, it becomes necessary to consider whether facts sufficient are pleaded to entitle plaintiff to relief asked for, admitting that such relief can be had in an action in ordinary form, wholly ignoring the special statutes relating to mandamus. It must be admitted, we think, that the complaint would have to state all facts which would be necessary in an application for writ of mandamus, sufficient, that the court could, in a proper case, have issued its alternative writ, and the defendants could have made an intelligent return. Measured by this standard, the pleading is wholly insufficient. It fails to set up the name of a single person, firm, or corporation whose property is omitted from the tax lists, and also fails to describe or point out any particular property that has been omitted.

Certainly public officers are not subject to be served with an order or judgment of a court requiring them, under penalty of being in contempt of court, to perform certain duties, without directing them with at least some degree of particularity as to what it is they should do, and the pleading, call it complaint or application, must be so full and specific that therefrom the court can get the material to make an intelligent and effective writ.

The former opinion of this court is affirmed, and the order appealed from is reversed.

SMITH and McCOY, JJ., not sitting.